IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BES DESIGN/BUILD, LLC                                                                 PLAINTIFF

V.                                       CASE NO. 5:20-cv-05141

EMPLOYERS MUTUAL
CASUALTY COMPANY                                                                      DEFENDANT


EMPLOYERS MUTUAL                                                        THIRD-PARTY PLAINTIFF
CASUALTY COMPANY

V.

MOUNTAIN MECHANICAL
CONTRACTORS, INC.                                                     THIRD-PARTY DEFENDANT


MOUNTAIN MECHANICAL                                              PLAINTIFF/COUNTER-DEFENDANT
CONTRACTORS, INC.

V.

BES DESIGN/BUILD, LLC                                              DEFENDANT/COUNTER-PLAINTIFF


## MEMORANDUM OPINION AND ORDER

Before the Court are Third-Party Defendant/Plaintiff/Counter-Defendant Mountain Mechanical Contractors, Inc.'s ("Mountain Mechanical") and Defendant/Third-Party Plaintiff Employers Mutual Casualty Company's ("EMCC") Motions to Dismiss (Docs. 35 & 37).[1] For the reasons given below, the Motions are **DENIED.**

---

[1] The documents considered by the Court include: BES Design/Build, LLC's Complaint against EMCC (Doc. 2); EMCC'S Answer (Doc. 8); BES Design/Build, LLC's Counterclaim against Mountain Mechanical (Doc. 30); Mountain Mechanical's Answer (Doc. 31); Mountain Mechanical's Motion to Dismiss and accompanying Brief in Support (Docs. 35 & 36); EMCC's Motion to Dismiss and Incorporated Brief in Support (Doc. 37); BES Design/Build, LLC's Response to Mountain Mechanical's Motion to Dismiss and

1

## I. BACKGROUND

In 2015 Plaintiff/Defendant/Counter-Plaintiff BES Design/Build, LLC ("BES") was hired as the prime contractor to perform work at the 3B Clinic Stepdown Unit (the "Project") at the Veteran's Hospital. (Doc. 2-2). BES entered into a surety contract with Aegis Security Insurance Company ("Aegis") wherein Aegis issued a payment bond on behalf of BES. (Doc. 2, ¶ 26). Pursuant to an agreement (the "Subcontract"), *see* Doc. 2-2, BES hired Mountain Mechanical to perform plumbing and demolition work on the Project, and Mountain Mechanical purchased a performance bond from EMCC, who acts as Mountain Mechanical's surety. (Doc. 2-3).

As work on the Project continued, there was a dispute between BES and Mountain Mechanical regarding Mountain Mechanical's work. BES demanded that Mountain Mechanical remedy its deficient work, and Mountain Mechanical walked off the job. BES then hired a second subcontractor, IHP Industrial, Inc., ("IHP") to complete the Project and fix alleged deficiencies in Mountain Mechanical's work. (Doc. 2, ¶ 26). Rather than seek payment for its work directly from BES, IHP opted to seek payment from Aegis as BES's surety, and IHP eventually sued Aegis to collect its payment. *See United States of America for the use and benefit of IHP Indus. Inc. v. Aegis Security Ins. Co.*, Case No. 5:19-cv-05050. Aegis defaulted and satisfied the default judgment against it by paying IHP $111,196.56. *See* Docs. 2-15 & 2-16. BES alleges that it is liable to Aegis for this payment. *See* Doc. 2, ¶ 26. In BES's view, Mountain Mechanical's actions initiated the chain of events that led to Aegis paying $111,196.56 to IHP. (Doc. 2, ¶ 26).

---

accompanying Brief in Support (Docs. 38 & 39); and BES Design/Build, LLC's Response and Incorporated Brief to EMCC's Motion to Dismiss (Doc. 40).

2

The procedural history of this case is complex.  Rather than suing Mountain Mechanical directly, BES opted to begin this action by suing EMCC in its role as Mountain Mechanical's surety.  *See* Doc. 2.  EMCC answered (Doc. 8) and then filed a third-party complaint against Mountain Mechanical alleging that Mountain Mechanical is required to defend and indemnify EMCC from BES's claims.  (Doc. 16).  Mountain Mechanical then filed a breach of contract claim against BES (Doc. 23), and BES filed a counterclaim directly against Mountain Mechanical (Doc. 30).

With all of the claims finally before the Court, Mountain Mechanical filed the instant Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) arguing that BES lacks Article III standing to assert its claims against EMCC and Mountain Mechanical (Doc. 35).[2]  EMCC has joined in the Motion (Doc. 37), and BES responded (Doc. 39).

## II.  LEGAL STANDARD

Article III standing goes to the issue of this Court's subject-matter jurisdiction, and subject-matter jurisdiction is a threshold question for this Court.  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 507 (2006) (noting that any party may raise an objection to subject-matter jurisdiction at any time).  To establish Article III standing, a plaintiff must show that:  (1) it has suffered "an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical," (2) this injury is fairly traceable to the actions of the Defendant; and (3) it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

---

[2]  The Court assumes that if it were to grant the Motions, EMCC's third-party complaint against Mountain Mechanical and Mountain Mechanical's direct claims against BES would be mooted.

3

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561–62 (1992) (internal quotations and citations omitted).  Under Eighth Circuit precedent, standing must be established at the time of the filing of the lawsuit, not as the case progresses.  *Park v. Forest Serv. of U.S.*, 205 F.3d 1034, 1037–38 (8th Cir. 2000).

Rule 12(b)(1) is the proper vehicle by which to seek a dismissal of a claim for lack of Article III standing.  To dismiss a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), "'the complaint must be successfully challenged on its face or on the factual truthfulness of its averments.'"  *Swiish v. Nixon*, 2015 WL 867650, at *2 (E.D. Mo. Feb. 27, 2015) (quoting *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993)).  "A court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack' on jurisdiction."  *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (internal quotation marks and citation omitted).  "In a facial attack, 'the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6).'"  *Id.* (quoting *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (internal citations omitted)).  Where a movant raises a factual attack, the court may consider matters outside the pleadings, and the non-movant does not have the benefit of the 12(b)(6) protections.  *Id.* (citation omitted).

Here, because Defendants do not seem to dispute the truthfulness of any statements in BES's Complaint, the Court construes Defendants' Motion as a facial attack.  *See Sierra Club v. Clinton*, 689 F. Supp. 2d. 1147, 1154 (D. Minn. 2010).  When evaluating a facial attack upon standing, a "court restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a

4

motion brought under Rule 12(b)(6)." *Osborn*, 918 F.2d at 729 n.6 (internal citations omitted). Like any other analysis under Rule 12(b)(6), the Court assumes that all factual allegations concerning jurisdiction are true, and the Court will generally ignore materials outside the pleadings, thought it may consider "materials that are part of the public record or do not contradict the complaint" and "materials that are necessarily embraced by the pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (cleaned up).

### III. DISCUSSION

Mountain Mechanical argues that BES lacks standing for two reasons: (1) BES lacks an injury-in-fact because Aegis—not BES—is the entity that paid IHP, and (2) to the extent BES has an injury-in-fact, it is not fairly traceable to Mountain Mechanical's actions, but instead flows from Aegis's default in the action brought by IHP. In support of these positions, Mountain Mechanical cites to *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), *Yeransian v. B. Riley FBR, Inc.*, 984 F.3d 633, 636–37 (8th Cir. 2021), and *Brown v. Medtronic, Inc.*, 628 F.3d 451, 455 (8th Cir. 2010). In response, BES asserts that it has an injury-in-fact because it partially reimbursed Aegis for $75,000 and remains liable for the outstanding balance. BES makes the point that its payment to Aegis removes any question that it is an injured party and, in any event, it was always liable to Aegis for the amount paid to IHP. On the issue of causation, BES contends that if Mountain Mechanical "had completed its scope of work as required by the contract, BES would not have been forced to incur expense related to IHP." (Doc. 39, p. 7).

5

The first issue the Court must decide is whether BES's allegation that it is liable to Aegis for the $111,196.59 payment is sufficient to establish an injury-in-fact.[3] The Court finds that it is. Here, BES asserts that Mountain Mechanical breached the Subcontract, which caused a chain reaction of events that ended with Aegis making a payment to IHP for which BES is liable. Arkansas law is clear on BES's exposure to Aegis: Sureties who make payments on a surety bond may seek reimbursement from the principal obligor. *See Fireman's Fund Ins. Co. v. Clark*, 490 S.W.2d 447, 448 (Ark. 1973) ("[T]he principal would be liable to the surety 'for all good faith payments' made by the surety in absolving itself from claims made against it under the bond.") (quoting *Peay v. S. Surety Co.*, 215 S.W. 722, 725 (Ark. 1919)). In other words, Arkansas law allows Aegis to seek reimbursement from BES for the payment to IHP.[4]

It is black letter law that to establish standing "[i]n future injury cases, the plaintiff must demonstrate that 'the threatened injury is certainly impending, or there is a substantial risk that the harm will occur.'" *In re SuperValu, Inc.*, 870 F.3d 763, 769 (8th Cir. 2017) (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (internal quotations omitted)). Mountain Mechanical's alleged breach of contract and the results of that breach, *i.e.*, Aegis's payment to IHP, have already occurred, and BES's liability to

---

[3] Under Eighth Circuit precedent, the Court must evaluate standing at the time the Complaint was filed, so BES's post-filing payments to Aegis are not relevant. *See Park*, 205 F.3d at 1037–38.

[4] To the extent Aegis could have sued Mountain Mechanical, Arkansas law would likely still allow BES to assert its claims directly against EMCC and Mountain Mechanical. *See EMC Ins. Cos. v. Entergy Ark., Inc.*, 924 F.3d 483, 487–88 (8th Cir. 2019) (citing *Ark-Homa Foods, Inc. v. Ward*, 473 S.W.2d 910, 910 (Ark. 1971)) (holding that an indemnitor may properly bring a claim against a third-party tortfeasor even if it is unclear that the indemnitor has made an indemnitee whole).

6

Aegis for that payment is allegedly certain.  To downplay the substantial risk posed to BES by the liability it owes to Aegis would be to ignore a sword of Damocles hanging over BES's head.  Because the threat of injury alleged in its Complaint is concrete and particularized, and not hypothetical or conjectural, the Court finds that BES has alleged an "actual" injury.

The cases cited by Mountain Mechanical do not convince the Court otherwise.  In *Spokeo Inc. v. Robins*, 136 S. Ct. 1540 (2016), the Supreme Court reviewed whether alleged statutory violations of the Fair Credit Reporting Act met the "injury-in-fact" requirements of Article III.  The Supreme Court ultimately remanded for the lower courts to determine whether the alleged injuries were both concrete *and* particularized, *see* 136 S. Ct. at 1549–50, but otherwise this ruling provides little guidance to the case at hand.  The second case cited by Mountain Mechanical, *Yeransian v. B. Riley FBR, Inc.*, 984 F.3d 633 (8th Cir. 2021), is more on point.  That case involved a dispute between two claimants regarding their respective shares of a sum of money.  Importantly, the size of that sum of money was the subject of separate litigation, and the Eighth Circuit found no injury-in-fact because "[t]he final amount of the additional compensation ha[d] not been determined, and no payments ha[d] been made."  984 F.3d at 637.  In other words, the claimants were fighting over a phantom.  *Yeransian* is distinguishable from the present cause because the harm in *Yeransian* was possibly nonexistent, while BES faces a clear and present danger from its liability to Aegis.

Next, turning to the causation prong of the standing analysis, the Court finds that BES has sufficiently alleged that its injury is fairly traceable to Mountain Mechanical's actions.  A plaintiff must show that its injury is "fairly traceable to the challenged action of

the defendant, and not the result of the independent action of some third party not before the court." *Carlson v. GameStop, Inc.*, 833 F.3d 903, 909–10 (8th Cir. 2016) (quoting *ABF Freight Sys., Inc. v. Int'l Brotherhood of Teamsters*, 645 F.3d 954, 961 (8th Cir. 2011) (internal quotation omitted)).  Still, "[n]ot every infirmity in the causal chain deprives a plaintiff of standing." *ABF*, 645 F.3d at 961 (quoting *St. Pierre v. Dyer*, 208 F.3d 394, 402 (2d Cir. 2000)).  For example, in *ABF*, the Eighth Circuit found that plaintiff's injury— economic harm caused by the Teamsters' alleged breach of a wage agreement union— was fairly traceable to the Teamsters even though plaintiff's own actions and actions of third parties contributed to the breach.  645 F.3d at 961.  The same logic applies here.[5]  According to BES's Complaint, Mountain Mechanical breached the Subcontract, forcing BES to hire IHP to finish performance of the Subcontract.  While Aegis paid IHP because of a default judgment, no one contests that BES is liable for that payment.  Moreover, taking BES's allegations as true, if Aegis had not made the payment to IHP, BES would still have been liable to IHP.  Given the clear causal chain between Mountain Mechanical's alleged actions and BES's alleged injury, the Court concludes that BES has articulated a traceable injury sufficient to show standing.  For the same reasons BES's injuries are traceable to Mountain Mechanical, they would be redressed by a favorable judgment.  The Court concludes that BES has standing to bring this suit.

---

[5]  Mountain Mechanical's citation to *Medtronic* does not persuade the Court that a sufficient causal link does not exist.  In that case, the Eighth Circuit held that plaintiff failed to establish a causal relationship because the alleged injury occurred *before* defendant allegedly breached its duty.  628 F.3d at 458.  No such causality violation is alleged in the present case.

Finally, the Court notes that Mountain Mechanical also moved to dismiss BES's claims for failure to state a claim under Rule 12(b)(6), but its Motion does not explain which elements of BES's claims have been inadequately pleaded.  Given the lack of briefing on this issue, the Court declines to rule on the question of whether BES's claims are adequately pleaded under Rule 12(b)(6).

## IV. CONCLUSION

In light of the foregoing analysis, **IT IS ORDERED** that Mountain Mechanical's and EMCC's Motions to Dismiss (Docs. 35 & 37) are **DENIED**.

**IT IS SO ORDERED** on this 14th day of May, 2021.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE