IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**MOUNTAIN MECHANICAL CONTRACTORS, INC.**                                **PLAINTIFF**

**V.**                              **NO. 5:20-CV-05141-TLB**

**BES DESIGN/BUILD, LLC**                                                **DEFENDANT**

ORDER

This matter is set for a jury trial beginning on January 24, 2023. Before the Court are Mountain Mechanical Contractors, Inc.'s ("Mountain Mechanical" or "MMC") Motions in Limine (Doc. 71) and BES Design/Build, LLC's ("BES") Response (Doc. 73). The Court heard oral argument on the Motion at a pretrial conference on January 6, 2023. At its conclusion, the Court made an oral ruling in this matter, which this written Order memorializes. To the extent there is any conflict between this written Order and the Court's oral statements from the bench, this written Order controls.

For the reasons stated below, the Court **DENIES IN PART and DEFERS IN PART** Mountain Mechanical's Motion.

1

| **Mountain Mechanical's Motions in Limine (Doc. 71)** |||
|---|---|---|
| 71.1 | Motion to Exclude Evidence of Alleged Theft | **DENIED** |
| \multicolumn{3}{|l|}{Mountain Mechanical anticipates BES will seek to introduce evidence of property theft by Mountain Mechanical. Mountain Mechanical seeks to exclude any such evidence on three grounds: (1) BES did not allege a conversion claim against Mountain Mechanical, so inclusion of this evidence would be misleading; (2) BES has no interest in the property at issue, and, as a result, has no entitlement to relief with respect to the property; and (3) the U.S. Department of Veterans Affairs Office of the Inspector General ("OIG") conducted an investigation into the allegations and found them unfounded.

BES argues (1) the OIG investigation does not preclude BES from litigating the issue; (2) BES was forced to effectively repurchase the stolen materials, so the cost should be included in any damages calculation; (3) to the extent Mountain Mechanical establishes damages, failure to deduct the cost of the stolen materials would constitute a double recovery; (4) and introduction of such evidence would not produce unfair prejudice.} |||
| \multicolumn{3}{|l|}{**RULING:** The Court **DENIES** Mountain Mechanical's Motion. BES may offer evidence that Mountain Mechanical improperly removed certain equipment or materials from the worksite in violation of the subcontract. However, BES is prohibited from characterizing the allegation as one of theft or conversion and may not use terms like "theft," "thieves," "stolen," or "stole" in questioning witnesses or making argument. The Court reminds BES's counsel to couch the inquiry as it did in the pleadings, i.e., that there were materials and tools removed without notice or approval.} |||

| **Mountain Mechanical's Motions in Limine (Doc. 71)** | | |
|---|---|---|
| 71.2 | Motion to Exclude Evidence of Alleged Structural Damage | **DEFERRED** |
| Mountain Mechanical anticipates BES will seek to establish that Mountain Mechanical completed core drilling in the incorrect location, which allegedly compromised the structural support beams of the building. Mountain Mechanical seeks to exclude any such evidence on the ground that BES has no evidence demonstrating how the damage was sustained or that Mountain Mechanical caused it.<br><br>BES argues that the drilling occurred in an area under Mountain Mechanical's supervision and for a purpose within Mountain Mechanical's scope of work. BES stated during the pretrial hearing that it intended to elicit testimony from BES Owner Walter Bolton to this fact but did not (presently, at least) possess any documentary or other evidence to support the allegation. | | |
| **RULING:** During the pretrial hearing, BES acknowledged that it did not (presently, at least) possess any evidence regarding when the drilling occurred. It does not know whether it occurred before or after Mountain Mechanical's departure from the project.<br><br>The Court **DEFERS** ruling on the issue. To inquire into this line of facts or present the issue, BES must present a proffer of proof to the Court outside the presence of the jury. At that time, after hearing argument from Mountain Mechanical, the Court will determine whether or not the proffered evidence is too speculative to be admissible under Rule 403. BES is not to raise the issue in its opening statement or otherwise discuss the issue until it obtains a specific ruling from the Court. | | |

3

| **Mountain Mechanical's Motions in Limine (Doc. 71)** | | |
|---|---|---|
| 71.3 | Motion to Preclude Consequential Damages | **DEFERRED** |
| Mountain Mechanical seeks to exclude evidence of consequential damages, arguing (1) the causal relationship between Mountain Mechanical's alleged breach and consequential damages alleged by BES is too attenuated, (2) Arkansas law prohibits such damages in these circumstances because Mountain Mechanical never agreed—tacitly or otherwise—to be responsible for more than ordinary damages in the case of default.<br><br>BES argues that because the Subcontract's "Flow-Down Provision" subjects Mountain Mechanical to liability for the entire Prime Agreement, the damages BES requests are compensatory, not consequential. | | |

> **RULING:** BES seeks five categories of compensatory damages.[1] During the pretrial hearing, Mountain Mechanical stipulated that two of the categories—if proven—would constitute compensatory damages: Cost of the materials removed and delays attributable to Mountain Mechanical. Therefore, evidence offered to prove these categories of damages are deemed generally relevant and admissible.
>
> The third category relates to the costs associated with obtaining an expert report on possible structural damage caused by the improper core drilling. The Court **DEFERS** ruling on this category of damages, pending BES first making a proffer of evidence sufficient to raise the issue in the first place. *See supra* Ruling on MIL 71.2.
>
> The Court also **DEFERS** ruling on the two remaining categories: Expenses incurred and paid by BES for work performed by IHP, a subcontractor hired to replace Mountain Mechanical on the project; and expenses incurred and paid by BES in relation to the "tender and release agreement" executed by BES when it was replaced as the general contractor on the project by Johnson Danforth.[2]
>
> The fact that IHP and Johnson Danforth took over certain scopes of work is generally relevant and admissible—but that doesn't mean that the *entirety* of monies paid to those contractors (by BES or others) is admissible proof of BES's compensatory damages. General "flow down provisions" in the VA contract are not automatically attributable to MMC—especially where the provision was not incorporated into MMC's subcontract and/or outside MMC's scope of work. Even if technically relevant, the Court will exclude under Rule 403 (tendency to confuse and mislead the jury)—absent a proper foundation. If BES seeks to recover compensatory damages for work performed or materials supplied by IHP or Johnson Danforth, it must lay a foundation (proffered to the Court in advance): (1) that any such work was within MMC's scope of work (plumbing and HVAC); (2) that such work was performed because MMC left the project without completing the work, or because MMC's work was deficient and had to be repaired or replaced; and (3) that BES actually incurred and paid the expenses associated with such work (net of any "VA credits." See Doc. 76, pp. 4-5). Even if BES lays this foundation, MMC may still raise other 403 objections if the proffered damages evidence remains too speculative to attribute the cause to MMC.

---

[1] BES does not seriously contend that it is entitled to consequential damages—which are excluded by contract and/or Arkansas law. Instead, the dispute is whether the damages BES seeks are more properly characterized as compensatory versus consequential.

For these reasons, Mountain Mechanical's Motions in Limine (Doc. 71) is **DENIED IN PART and DEFERRED IN PART.**

**IT IS SO ORDERED** on this 20th day of January, 2023.

                                                      _____
                                                    TIMOTHY L. BROOKS
                                                    UNITED STATES DISTRICT JUDGE

---

[2] During the pre-trial conference, the Court explained its thinking on this issue and asked the parties to confer further. The Court had hoped the parties could agree as to which line items from the tender and release agreement were potentially compensatory in nature (and thus relevant for the jury to consider), versus consequential in nature (and thus not relevant). The parties did confer but they were not able to agree or narrow their positions. *See* Doc. 76.