IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**MOUNTAIN MECHANICAL CONTRACTORS, INC.**                              **PLAINTIFF**

V.                              **CASE NO. 5:20-CV-5141**

**BES DESIGN/BUILD, LLC**                              **DEFENDANT**

OPINION AND ORDER

On February 9, 2023, a jury found in favor of Mountain Mechanical Contractors, Inc. on its breach of contract claim and awarded it a total of $112,694.14 in damages. *See* Docs. 94, 96. Now before the Court is Mountain Mechanical's Motion for pre and post-judgment interest (Doc. 98). For the reasons explained below, the Court **GRANTS IN PART AND DENIES IN PART** Mountain Mechanical's Motion.

I.   PREJUDGMENT INTEREST

"Prejudgment interest is compensation for recoverable damages wrongfully withheld from the time of the loss until judgment." *Dorsett v. Buffington*, 2013 Ark. 345, 11 (2013). It "ensure[s] that an injured party is fully compensated for its loss," *City of Milwaukee v. Cement Div. Nat'l Gypsum Co.*, 515 U.S. 189, 195 (1995), by requiring that "[o]ne who has had the use of money owing to another . . . pay interest from the time payment should have been made," *Miller v. Robertson*, 266 U.S. 243, 257–58 (1924).

"State law governs whether a diversity litigant may recover pre-judgment interest." *Lincoln Benefit Life Co. v. Edwards*, 243 F.3d 457, 462 (8th Cir. 2001). In Arkansas, awarding prejudgment interest is appropriate "if the amount of damages is definitely ascertainable by mathematical computation, or if the evidence furnishes data that make it possible to compute the amount without reliance on opinion or discretion." *Dorsett*, 2013

1

Ark. at 11. A method must exist "for fixing the exact value of a cause of action at the time of the occurrence of the event that gives rise to the cause of action." *Yazdianpour v. Safeblood Techs., Inc.*, 779 F.3d 530, 539 (8th Cir. 2015) (quoting *Sims v. Moser*, 373 Ark. 491, 509 (2008)). "If the damages are not by their nature capable of *exact determination*, both in *time* and *amount*, prejudgment interest is not an item of recovery." *Id.* (brackets omitted) (emphasis in original).

In *Simmons Foods, Inc. v. Industrial Risk Insurers*, Simmons sought $3.58 million in damages; the jury awarded it $2,817,380.11. 863 F.3d 792, 799–800 (8th Cir. 2017). The Eighth Circuit concluded it was unclear how the jury reached that result, which meant:

> The jury could not, and indeed did not, blindly accept every invoice Simmons offered into evidence. The jury had to use its discretion to ascertain which experts to believe, which expenses were covered under the policies, and whether the invoices reflected reliable and fair dollar amounts. The need for such discretion means Simmons's damages were not capable of exact determination until the jury spoke and the district court entered judgment, and prejudgment interest was not appropriate.

*Id.* at 800 (citations and quotations omitted).

Mountain Mechanical seeks prejudgment interest in the amount of $34,382.52, which it claims stems "from an invoice that Mountain Mechanical provided to BES on January 9, 2018, a copy of which was introduced into evidence as MMC's Exhibit 12." (Doc. 98). That invoice reflects Mountain Mechanical's view that BES owed $81,515.10 for the value of the work completed by Mountain Mechanical but not paid and $49,878.96 in additional costs, for a total of $131,394.06. The jury awarded Mountain Mechanical $71,096.46 for the unpaid work, and $41,597.68 in additional costs, for a total of $112,694.14. *See* Doc. 94.

2

Just as in *Simmons*, it is clear the jury did not blindly accept every invoice entered into evidence, or every proposition propounded by Mountain Mechanical's experts. The Court concludes the damages determination necessarily required the jury to exercise its discretion and, as a result, Mountain Mechanical's damages were not capable of exact determination until the jury spoke and the district court entered judgment. Prejudgment interest is not appropriate.

## II.   POST-JUDGMENT INTEREST

Federal law governs the availability of post-judgment interest.[1] *See Travelers Prop. Cas. Ins. Co. of Am. v. Nat'l Union Ins. Co. of Pittsburgh, Pa.*, 735 F.3d 993, 1007 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1961(a), such interest shall accrue starting today, the date the written judgment is entered. It shall accrue on the total judgment—that is, the total compensatory damages previously awarded by the jury, plus the attorney's fees and costs—until fully paid.

## III.   CONCLUSION

For these reasons, Mountain Mechanical's request for prejudgment interest is **DENIED**. Its request for post-judgment interest is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED** on this 27th day of July, 2023.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[1] In its motion, Mountain Mechanical incorrectly argues that Arkansas Code § 16-65-114 governs post-judgment interest in this matter.

3