IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**MOUNTAIN MECHANICAL CONTRACTORS, INC.**                                    **PLAINTIFF**

V.                                    **CASE NO. 5:20-CV-5141**

**BES DESIGN/BUILD, LLC**                                                    **DEFENDANT**

## OPINION AND ORDER

On February 9, 2023, a jury found in favor of Mountain Mechanical Contractors, Inc. on its breach of contract claim and awarded it a total of $112,694.14 in damages. *See* Docs. 94, 96. As the prevailing party, Mountain Mechanical sought an award of attorney's fees and costs (Doc. 100). The Court's review of Mountain Mechanical's billing records, however, raised serious concerns about both the legal basis for Mountain Mechanical's Motion and the candor of its counsel.

The Court held a hearing to investigate its concerns and, after oral argument, imposed sanctions against Mountain Mechanical's attorneys. This Opinion further explains that ruling,[1] as well as addresses Mountain Mechanical's Motion for Fees and Costs (Doc. 100). For the reasons explained below, the Court **GRANTS IN PART AND DENIES IN PART** Mountain Mechanical's Motion.

### I.   SANCTIONS

Attorneys Steve Bingham and Amber Bagley, both with Cross Gunter Witherspoon Galchus P.C., represented Mountain Mechanical between 2020 and 2023. Following Mountain Mechanical's win at trial, Mr. Bingham and Ms. Bagley jointly filed a Motion for

---

[1] To the extent anything in this Opinion conflicts with what was stated from the bench, this Opinion controls.

1

Fees and Costs (Doc. 100). Both attorneys signed the motion, as well as filed affidavits in support (Docs. 100-1 & 100-2). According to the motion, Mountain Mechanical *incurred* $331,928.00 in attorney's fees. To document Mountain Mechanical's fee request, Mr. Bingham and Ms. Bagley submitted affidavits in which they provided the following testimony as to their hourly billing rates:

|      | Bingham | Bagley |
|------|---------|--------|
| 2020 | $ 320   | $ 300  |
| 2021 | $ 330   | $ 310  |
| 2022 | $ 340   | $ 320  |
| 2023 | $ 350   | $ 330  |

*See* Docs. 100-1 & 100-2. Based on these hourly rate representations, Mr. Bingham claimed entitlement to $196,363 for 572.5 hours dedicated to the litigation, *see* Doc. 100-1, and Ms. Bagley claimed entitlement to $135,565 for 417.3 hours, *see* Doc. 100-2.

When BES Design/Build, LLC objected to the fee request as unreasonable, *see* Doc. 103, the Court entered a text order instructing the attorneys to provide the underlying billing statements to the Court for review *in camera*, *see* Doc. 104. When Mr. Bingham provided the billing records, he noted (ex parte) a discrepancy that would be revealed by the Court's review. As it turned out, the billing records did *not* corroborate Mountain Mechanical's representation that it had incurred $331,928.00 in attorney's fees. Rather, the records reflected that Mountain Mechanical actually incurred something closer to between $260,000 and $270,000 in fees.

According to Mr. Bingham's explanation (in his March 23, 2023, cover email), both the billing records and affidavits correctly reflect the number of hours that he and Ms.

Bagley worked on the matter.[2] *See* Doc. 107-1. But, Mountain Mechanical was not charged—and thus did not incur or pay—attorney fees at the billing rates cited in the attorneys' respective affidavits. According to Mr. Bingham, Cross Gunter charged Mountain Mechanical at the lower hourly rates of $290 for Mr. Bingham's time and $230 for Ms. Bagley's time. *Id.* According to Mr. Bingham, Mountain Mechanical received a "preferential rate," but Cross Gunter did "not consider [the losing party] to be entitled to the preferential rate." *Id.* Mr. Bingham argued that Mountain Mechanical's fee petition was properly calculated based on the "full amounts" that would have been incurred if the attorneys billed their "standard hourly rates." *Id.* After all, Mr. Bingham noted, "Mr. Unser . . . did not object to the normal rates claimed, only to the time expended." *Id.*

The problem, of course, was that Mr. Bingham did not disclose this post hoc rate increase to either the Court or opposing counsel in the fee motion or supporting affidavits. Nor was Mr. Unser copied on Mr. Bingham's ex parte email. Consequently, the Court entered a Show Cause Order (Doc. 107) instructing Mr. Bingham and Ms. Bagley to show cause as to why their conduct did not violate Federal Rule of Civil Procedure 11. They complied, and on June 9, 2023, the Court held an in-person hearing. Mr. Bingham and Ms. Bagley, as well as Mountain Mechanical's corporate representative, attended.[3]

### A.   Legal Standard

Pursuant to Federal Rule of Civil Procedure 11(b), by presenting the Motion for Fees & Costs to the Court, Mr. Bingham and Ms. Bagley certified to the following:

---

[2] At the same time the billing records were provided to the Court *in camera*, Mr. Bingham included an explanation for the discrepancy. *See* Doc. 107-1.

[3] BES was invited, but not required, to attend the hearing. Neither the corporate representative nor BES's attorney elected to attend.

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Rule 11(c) provides that a Court may impose sanctions on any attorney, law firm, or party that violates Rule 11(b). "[T]he standard under Rule 11 is whether the attorney's conduct, 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" *Jones v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1010 (quoting *Perkins v. Spivey*, 911 F.2d 22, 36 (8th Cir. 1990)). The sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated" and may include "nonmonetary directives" and/or "an order to pay a penalty into court." Fed. R. Civ. P. 11(c)(4).

The Court also has substantial inherent authority to issue sanctions. "These inherent powers include the ability to supervise and 'discipline attorneys who appear before it' and discretion 'to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Wescott Agri-Products, Inc. v. Sterling State Bank, Inc.*, 682 F.3d 1091, 1095 (8th Cir. 2012) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–45 (1991)).

### B. Analysis

Mountain Mechanical's Motion for Fees and Costs contained material misrepresentations. It misled the Court and opposing counsel. The Court concludes that

4

Mr. Bingham's and Ms. Bagley's conduct warrants sanctions.  The Motion for Attorney's Fees and accompanying affidavits strongly implied and affirmatively misrepresented that the billing rates used to calculate the requested fee award reflected the rates actually charged to—and incurred by—Mountain Mechanical. For example, the motion stated, "As the Exhibits confirm, the attorney's fees **incurred** in the defense and recovery efforts are $331,928.00." (Doc. 100, p. 4) (emphasis added).  In describing the application of the *Chrisco* factors, Mountain Mechanical's Brief in Support referenced "the fees **charged** to Mountain Mechanical," (Doc. 101, p. 4) (emphasis added), and both affidavits stated that the attorney "**expended** a total of . . . ," before providing the fee calculations based on the inflated rates, (Docs. 100-1 & 100-2) (emphasis added).

In its response to the Court's show cause order, Mr. Bingham and Ms. Bagley maintain that "[t]here was never any intent to conceal or mislead the Court or opposing counsel." (Doc. 108, p. 1). Incredibly, they contend the amount a litigant agrees to pay and actually incurs is *irrelevant* to the attorney's fee analysis, and thus they did not see a need to acknowledge these facts. *Id.*  The Court finds this argument disingenuous.  It is complete nonsense to suggest that a bargained for rate between a seller and buyer in an arm's length transaction is of *no* relevance to the issue of fair market value.  Doubling down, Mr. Bingham chalks up the misunderstanding here to mere poor word choice:

> [W]hile care was taken to avoid suggesting that the amounts being sought were the amounts actually paid, it is now obvious that the undersigned unintentionally created a misimpression by the use of the word "incurred" in Paragraph 8. In hindsight, a better word should have been employed, but the undersigned's intent was to convey that the claimed fees were incurred by counsel based on the time expended multiplied by their standard rates, notwithstanding the amounts charged to the client.

*Id.* at p. 2 (footnote omitted).

5

It is true that the referenced sentence—"As the Exhibits confirm, the attorney's fees incurred in the defense and recovery efforts are $331,928.00," (Doc. 100, p. 4)—does not specify which entity, Mountain Mechanical or Cross Gunter, incurred the fees. Still, in context, it is difficult to believe Mr. Bingham and Ms. Bagley simply selected the wrong word. Rather, in this sentence, it appears to the Court that "care was taken" to select words for the purpose of omitting disclosure of highly pertinent facts.

Moreover, words like "incurred," "expended," and "charged" were used multiple times in Mountain Mechanical's filings—and in ways that specified Mountain Mechanical, not Cross Gunter, "incurred" the expense. Did Mr. Bingham and Ms. Bagley really believe that the Court and opposing counsel would understand that by "the fees charged to Mountain Mechanical" they actually meant "the fees Cross Gunter theoretically charged—but did not actually charge—to Mountain Mechanical"? The motion is obviously misleading, and the Court does not understand how Mr. Bingham and Ms. Bagley could read it as anything but.

Furthermore, counsel had an obligation to not only accurately describe the facts but also affirmatively acknowledge them. Mountain Mechanical's motion implicated a legal question as to whether Mountain Mechanical was entitled to attorney's fees in an amount greater than it actually incurred. The failure to surface this issue is the critical error here, and Court is troubled by Mr. Bingham's unwillingness to acknowledge it.

According to Mr. Bingham, he did not bring the rate differential to the Court's (or opposing counsel's) attention because *he* believed it was irrelevant to the legal analysis. That is a perplexing position because the parties' contract makes explicit that the prevailing party—here, Mountain Mechanical—is entitled to recover attorney's fees

6

*expended or incurred*. At the show cause hearing, Mr. Bingham admitted that he had not previously noticed this contractual limitation, and therefore had not included it in his analysis of Mountain Mechanical's *contractual* entitlement to reasonable fees.

Mr. Bingham's argument fares no better when considering Mountain Mechanical's separate statutory entitlement to fees. He ignores the overriding point here: Even to the extent Mr. Bingham and Ms. Bagley might legitimately advocate for use of the inflated rates, the caselaw provides absolutely no support for the contention that it was unnecessary to *even acknowledge* the rate differential.

Mr. Bingham and Ms. Bagley rely on *Little Rock School District v. Arkansas*, 674 F.3d 990, 995 (8th Cir. 2012) ("LRSD") for the "proposition that attorneys may seek rates commensurate with their experience and the type of service rendered, notwithstanding what was actually charged to a client." (Doc. 108, p. 6). However, the *LRSD* fee dispute arose in vastly different circumstances. The prevailing party in LRSD sought attorney's fees pursuant to 42 U.S.C. § 1988, a federal fee shifting statute enacted "to promote private enforcement of civil rights law by alleviating the burden on successful plaintiffs to bear their own costs." *Parada v. Anoka Cnty.*, 555 F. Supp. 3d 663, 683 (D. Minn. 2021), *aff'd*, 54 F.4th 1016 (8th Cir. 2022) (citing *Casey v. City of Cabool*, 12 F.3d 799, 805 (8th Cir. 1993)).

While "it appears that LRSD's attorneys prosecuted this appeal at reduced hourly rates not to enable 'persons without means to bring suit to vindicate their rights,' but rather under a longstanding client discount," *LRSD*, 674 F.3d at 996, the Eighth Circuit nevertheless held that § 1988 continued to control the analysis. The court explained that, per the Supreme Court's decision in *Blanchard v. Bergeron*:

7

> Section 1988 contemplates reasonable compensation, in light of all of the circumstances, for the time and effort expended by the attorney for the prevailing plaintiff, no more and no less. Should a fee agreement provide less than a reasonable fee calculated in this manner, the defendant should nevertheless be required to pay the higher amount.

*Id.* at 995 (quoting *Blanchard*, 489 U.S. 87, 93 (1989)). Critically, this holding was specific to § 1988. Caselaw on attorney's fees in the civil rights context has little applicability to other areas of law. *See Running M Farms, Inc. v. Farm Bureau Mut. Ins. Co. of Ark.*, 371 Ark. 308, 312 (2007) ("The policy concerns that are present in a civil-rights action are simply not present in a case such as the one at hand [involving attorney's fees in the context of an insurance dispute]. Thus, Running M's reliance on this and other civil-rights cases is inapposite.").

Mr. Bingham and Ms. Bagley also cite to *All-Ways Logistics, Inc. v. USA Truck Inc.*, 583 F.3d 511, (8th Cir. 2009). In that case, the district court awarded fees under Arkansas Code section 16-22-308, which permits an award of "reasonable" attorney fees to prevailing parties in contract cases. The district court found that the one-third contingency fee agreed to by All-Ways and its counsel was reasonable and awarded All-Ways $1,002,383 in attorney's fees pursuant to that agreement. However, the district court explained, "should the Court of Appeals for the Eighth Circuit disapprove of a fee award based on the one-third contingency agreement, a reasonable fee calculated under the lodestar method is $217,014." *All-Ways Logistics*, 583 F.3d at 520–21 (quotation marks omitted). The defendant appealed, arguing that the award of $1,002,383 for attorney's fees was unreasonable and should be replaced with district court's alternative award of $217,014. On review, the Eighth Circuit held:

> As long as the trial court is guided by the relevant *Chrisco* factors . . . fee awards based in part on a contingency agreement are permissible under

8

> Arkansas law. The District Court recognized that "the fact that the agreed upon fee was a contingency fee does not automatically entitle the attorney to that amount under § 16–22–308." The court appropriately considered the contingent-fee arrangement as only one of the multiple *Chrisco* factors.

*Id.* (citations omitted).

In their supplemental briefing, Mr. Bingham and Ms. Bagley explain that "[a]lthough there was no contingency arrangement [with Mountain Mechanical] . . . , the holding in *All-Ways Logistics, Inc.* is still on point as it again describes what the courts are to consider in determining a reasonable amount of attorney's fees, making it particularly instructive here." (Doc. 108, p. 8). They then point to the opinion's discussion of the *Chrisco* factors.

The implication, it seems, is that an award that exceeds the lodestar calculation may be proper so long as it is justified under the *Chrisco* factors. On this point, the Court does not disagree. But this holding cannot be twisted to mean that because the discounted rate is *not* a *Chrisco* factor, it had no relevance to the analysis. Mountain Mechanical entirely elides the fact that the *All-Ways Logistics* court *actually considered* the parties' arrangement.

In sum, neither case justifies Mr. Bingham's and Ms. Bagley's belief that the actual billing rates have no bearing on the analysis. In *LRSD* and *All-Ways Logistics*, the district court awarded attorney's fees in an amount greater than that incurred by the litigant. But in both cases, the amount actually incurred was front and center in the analysis, making clear that the legal fees actually expended *is* highly relevant to the analysis.

At the show cause hearing, the attorneys engaged the Court in a colloquy where they explained—despite how it might look in hindsight—that they did not set out from the beginning with an intent to mislead the Court. Although Mr. Bingham did most of speaking for the pair, the Court found Ms. Bagley's account especially genuine and compelling.

Ultimately, the Court stops short of finding Mr. Bingham or Ms. Bagley intentionally misled the Court.  Still, the Court finds the attorneys were culpably careless in preparing Mountain Mechanical's motion for fees and costs, and in doing so, recklessly mishandled the duty of candor required of every attorney. *See* Rule 3.3 of the Arkansas Rules of Professional Conduct.[4] The motion painted a "materially misleading picture," *Ark. Tchr. Ret. Sys. v. State St. Corp.*, 25 F.4th 55, 65 (1st Cir. 2022), and the Court finds no justifiable basis for counsel's misrepresentation of critical facts. Accordingly, pursuant to Rule 11 and the Court's inherent authority, the Court finds sanctions warranted in these circumstances.

***First,*** the Court does not find Mountain Mechanical culpable. The company and its representatives were not involved in drafting the motion and, as non-lawyers, had no basis to recognize its misleading nature.  Neither Mr. Bingham and Ms. Bagley nor the Cross Gunter law firm may bill Mountain Mechanical for any time spent preparing the original fee motion, responding to the Court's subsequent inquiries, or preparing for and attending the hearing. To the extent that Cross Gunter has billed for any of those items and collected monies from Mountain Mechanical, those sums must be returned to Mountain Mechanical.  To this end, counsel must promptly provide a copy of this Order to Mountain Mechanical.

---

[4] Comment 2 to Rule 3.3 explains that the "Rule sets forth the special duties of lawyers as officers of the court to avoid conduct that undermines the integrity of the adjudicative process. A lawyer acting as an advocate in an adjudicative proceeding has an obligation to present the client's case with persuasive force. Performance of that duty while maintaining confidences of the client, however, is qualified by the advocate's duty of candor to the tribunal. Consequently, although a lawyer in an adversary proceeding is not required to present an impartial exposition of the law or to vouch for the evidence submitted in a cause, the lawyer must not allow the tribunal to be misled by false statements of law or fact or evidence that the lawyer knows to be false."

**Second,** The Court finds that the motion and supporting affidavits contained factual misrepresentations.  As for their intentions, the Court finds, at a bare minimum, that Mr. Bingham and Ms. Bagley recklessly misled the Court in disregard of their duties and obligations, and in so doing they undermined the integrity of the adjudicative process. Investigating the discrepancies and resolving the misrepresentations required the Court to invest significant time, which included reviewing three years of billing records and expert witness invoices;[5] formulating a show cause order; considering the supplemental briefing; and preparing for and holding an hours-long hearing. The misconduct here needlessly consumed this Court's time and resources and adversely impacted the due administration of justice.  Consequently, the Court finds it appropriate to impose a monetary sanction in the sum of $2,000. The sanction is imposed pursuant to both Rule 11 and the Court's inherent sanctioning authority. This sanction shall be deemed a joint and several obligation of Mr. Bingham and Ms. Bagley.  Unless appealed, the sum is due within 30 days.  Remittance should be made payable to "U.S. District Court," and submitted to the attention of the Clerk of Court.

**Third,** the Court is troubled by Mr. Bingham's admission that it is his—and perhaps Cross Gunter's—standard practice to move for attorney's fees based on the firm's standard rate without regard for or acknowledgement of the amount actually incurred by the litigant. To address this issue, for the remainder of calendar year 2023, and for

---

[5] The Court found significant discrepancies with the expert witness fees that Mountain Mechanical sought to recover as costs.  In drafting the motion, the lawyers included amounts for professional fees charged to Mountain Mechanical in the ordinary course of business, i.e., fees that were not related to the expert services incurred for purposes of this litigation.  The Court believes the inclusion of these unrelated fees was likely inadvertent and non-sanctionable, but a significant and careless error nonetheless that was left to the Court to discover and bring to counsel's attention.  *See* footnote 7, infra.

11

calendar years 2024 and 2025, any attorney's fee motion submitted by Mr. Bingham or Ms. Bagley must contain a representation that the submissions have been carefully reviewed factually accuracy. It must also contain representations and documentation as to the actual amounts billed or paid by the client on whose behalf the award of fees is being sought.

## II.   MOTION FOR ATTORNEY'S FEES AND COSTS

The Court now turns to Mountain Mechanical's Motion for Attorney's Fees and Costs (Doc. 100). The Court considers the initial motion (Docs. 100 & 101), supporting affidavits (Docs. 100-1 & 100-2), and bill of costs (Doc. 102); BES's response (Doc. 103); the billing records submitted for *in camera* review; the supplemental briefing (Doc. 108), and the amended bill of costs (Doc. 109).

### A.   Attorney's Fees

In considering whether the fees demanded by Mountain Mechanical's counsel are reasonable, the Court considers the following factors set forth by the Arkansas Supreme Court in *Chrisco v. Sun Industries, Inc.*, 304 Ark. 227, 229–30 (1990), and cited to with approval by the Eighth Circuit, *see All-Ways Logistics*, 583 F.3d at 521: the amount of time counsel invested in the lawsuit; the appropriateness of counsel's rates, given the experience and ability of the attorneys; the time and labor required to perform the legal services properly; the amount potentially at issue in the case; the results obtained; the novelty and difficulty of the issues involved; and the prevailing rate customarily charged in this area for similar legal services.

"While courts should be guided by [these] factors, there is no fixed formula in determining the reasonableness of an award of attorney's fees." *Phelps v. U.S. Credit*

*Life Ins. Co.*, 340 Ark. 439, 442 (2000). "[W]hen the trial judge is familiar with the case and the service done by the attorneys, the fixing of a fee is within the discretion of the court." *Hartford Accident & Indem. Co. v. Stewart Bros. Hardware Co.*, 285 Ark. 352, 354 (1985); *see also Burlington N. R.R. Co. v. Farmers Union Oil Co. of Rolla*, 207 F.3d 526, 534 (8th Cir. 2000).

The Court has reviewed Mr. Bingham's and Ms. Bagley's affidavits and itemized bills. Together, they dedicated approximately 1,000 hours to this matter. The Court finds that reasonable. Mountain Mechanical was joined via a third-party complaint shortly after litigation commenced in August 2020. Two-and-a-half years later, the case culminated in an eight-day jury trial.

With respect to counsel's experience, the Court finds both attorneys are seasoned practitioners. Mr. Bingham has been licensed to practice law for 40 years, and Ms. Bagley has been licensed to practice law for 19 years. As for the novelty and difficulty of the issues involved, the case was procedurally complex, but the causes of action taken to trial were neither novel nor overly complex. Still, the voluminous record required counsel to invest significant time preparing for trial.

For all these reasons and in view of the positive results Mr. Bingham and Ms. Bagley obtained for their clients, the Court will grant their request for fees. The Court will not, however, award attorney's fees in the amount requested. As should be obvious from the discussion in Part I, the Court does not believe it appropriate to rely on the inflated hourly rates.

As noted, the parties' contract governs the availability of fees. Under Arkansas law, when "parties enter into a written contract that specifically provides for the entitlement to

13

certain fees incurred in the enforcement of the contract, the agreement is enforceable according to its terms." *Id.* (citing *Marcum v. Wengert*, 344 Ark. 153 (2001). In its supplemental briefing, Mountain Mechanical maintains that "[n]othing in [the] parties' contract . . . limit[s] the fee award to the amount actually charged, but rather provide only for 'a reasonable attorney's fee.'" (Doc. 108, p. 3). That is simply not true. The parties' agreement states:

> 15.4 ATTORNEY'S FEES. Should either party employ an attorney to institute suit or demand arbitration to enforce any of the provisions hereof, to protect its interests in any matter arising under this Agreement, to collect damages for the breach of the agreement, or to recover on a surety bond given by a party under this Agreement, the prevailing party shall be entitled to recover reasonable attorney's fees, costs, charges and expenses ***expended or incurred therein.***

(Doc. 2-2, p. 17) (emphasis added). The plain language of the contract clearly entitles Mountain Mechanical to recover a reasonable attorney's fee incurred in the litigation. But it does not entitle Mountain Mechanical or its attorneys to receive a windfall.

Even putting the contract aside, as explained in Part I, the Court does not find the cases cited by Mr. Bingham and Ms. Bagley persuasive. *Little Rock School District v. Arkansas* concerns an attorney's fee award under § 1988; the holding is not applicable to an attorney's fee award in a contract dispute like the one here. *All-Ways Logistics* doesn't help their cause either. The attorneys in *All-Ways Logistics* contracted for a contingency fee. The relatively greater reward in a contingency fee case (as compared to its lodestar) may be justified by the risk of not being compensated at all. By instructing courts to consider whether the fee is fixed or contingent, *Chrisco* acknowledges that the relative risk assumed by an attorney in these circumstances may inform what constitutes a "reasonable fee." *All-Ways Logistics* does not support their argument here because the attorneys bargained for a rate that was not contingent on the level of success achieved.

14

Accordingly, the Court will use the rates that were actually charged to Mountain Mechanical: $290 for Mr. Bingham's time and $230 for Ms. Bagley's time.[6]  The Court finds these rates  reasonable and commensurate with the rates charged by lawyers of comparable skill and ability in comparable cases in this legal market.

|  | Hours | Rate | Total Fees |
|---|---|---|---|
| **Bingham** | | | |
| 2020 | 23.7 | $ 290 | $ 6,873 |
| 2021 | 104.7 | $ 290 | $ 30,363 |
| 2022 | 120.7 | $ 290 | $ 35,003 |
| 2023 | 323.4 | $ 290 | $ 93,786 |
| Total | 572.5 | | $ 166,025 |
| **Bagley** | | | |
| 2020 | 1.7 | $ 230 | $ 391 |
| 2021 | 60.6 | $ 230 | $ 13,938 |
| 2022 | 88.1 | $ 230 | $ 20,263 |
| 2023 | 266.9 | $ 230 | $ 61,387 |
| Total | 417.3 | | $ 95,979 |
| Combined Total | 989.8 | | $ 262,004 |

---

[6] When Mr. Bingham emailed the billing records to the Court, he cited these preferential rates in his explanation for why the fee request did not align with the billing records. *See* Doc. 107-1. Multiplying those rates ($290 for Mr. Bingham and $230 for Ms. Bagley) by the total number of hours expended by each attorney amounts to $262,004. However, the invoices submitted for *in camera* review reflect a total attorney's fee closer to $270,000. The Court identified two issues that may account for this difference.

First, it appears that Mr. Bingham and Ms. Bagley did not in fact charge $290 and $230 consistently. Billing records indicate that, in 2020, Mr. Bingham charged $255 per hour and Ms. Bagley charged $242 per hour. Thereafter, Mr. Bingham charged $290 per hour, while Ms. Bagley charged $290 in 2021 and 2022 but dropped to $230 per hour at the end of 2022 and through 2023.

Second, there are also slight discrepancies between the number of hours each attorney reports dedicating to this litigation in their respective affidavits and the number of hours actually billed to Mountain Mechanical according to the invoices. Mr. Bingham and Ms. Bagley did not explain these discrepancies. Accordingly, the Court relied on the number of hours reported in each attorney's affidavit and the preferential billing rates provided by Mr. Bingham.

15

### B.   Costs

Mountain Mechanical seeks to recover an award of taxable costs in the amount of $1,325.92 for fees and disbursements for printing and copying; $116.25 for witness fees; and $33,491.07 for expert witness fees.[7] *See* Doc. 109.

In diversity cases, an award of taxable costs to prevailing parties is governed by Rule 54(d) of the Federal Rules of Civil Procedure; however, Rule 54(d) does not give a court the discretion to tax whatever costs it deems appropriate. Taxable costs are set forth in detail at 28 U.S.C. § 1920 and include fees of the clerk and court reporter, fees for printed and electronically recorded transcripts necessarily obtained for use in the case, fees and disbursements for printing and witnesses, fees for copies of any materials necessarily obtained for use in the case, docket fees, and compensation of court-appointed experts and interpreters. *Id.* The fees charged to parties by privately retained expert witnesses are not compensable under § 1920. *See Orduno v. Pietrzak*, 932 F.3d 710, 720 (8th Cir. 2019) (finding that § 1920 does not explicitly authorize the taxation of

---

[7] Mountain Mechanical originally sought an award of taxable costs in the amount of $1,325.92 for fees and disbursements for printing and copying; $116.25 for witness fees; and $43,696.07 for expert witness fees.

On March 23, 2023, Mountain Mechanical submitted the expert witness invoices for *in camera* review. However, Mountain Mechanical failed to include appropriately detailed timesheets that reflect the entirety of each expert's participation in the litigation. It provided such records for about 25 percent of the amount invoiced by Leroy Duell and about 18 percent of the amount invoiced by Porter Brownlee, leaving the bulk of the fees unexplained.

On May 4, 2023, Mountain Mechanical resubmitted the expert witness invoices and filed an amended bill of costs (Doc. 109). The amended request includes a reduction in expert witness fees from $43,696.07 to $33,491.07. Apparently, Mr. Bingham and Ms. Bagley's original bill of costs mistakenly included an unrelated charge, which the amended filing rectified.

expert witness fees as costs and approving the district court's decision to decline to award such costs). However, the parties' contract specifically provides for recovery of reasonable attorney's fees, costs, charges and expenses. It does not limit recoverable costs to those identified in § 1920. Accordingly, the Court awards Mountain Mechanical its request for costs in full.

### III.   CONCLUSION

For these reasons, the Motion for Fees and Costs (Doc. 100) is **GRANTED IN PART AND DENIED IN PART.** The Court awards Mountain Mechanical **$262,004 in attorney's fees** and **$34,933.24 in costs.**

The Court also **SANCTIONS** Mr. Bingham and Ms. Bagley as follows: First, neither the attorneys nor their law firm may bill Mountain Mechanical for any time spent preparing the original fee motion or responding to the Court's subsequent inquiries, including attendance at the June 9 hearing. Second, Mr. Bingham and Ms. Bagley are monetarily sanctioned in the sum of $2,000, which, unless appealed, must be paid within 30 days. Third, for the remainder of calendar year 2023, and for calendar years 2024 and 2025, any attorney fee motion submitted by Mr. Bingham or Ms. Bagley must contain a representation that the submissions have been carefully reviewed, and include representations and documentation as to the actual amounts billed or paid by the client on whose behalf an award of fees is being sought.

**IT IS SO ORDERED** on this 27th day of July, 2023.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE